**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maxwell David Pacion, | No. CV-21-00506-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Maxwell David Pacion applied for Social Security Disability Insurance ("SSDI") benefits and Child Disability Benefits ("CDB") under the Social Security Act (the "Act") on March 15, 2018.  (AR 19, 60.)  After state agency denials, he appeared before an Administrative Law Judge ("ALJ") on March 6, 2020.  (AR 34.)  The ALJ rejected both applications on April 29, 2020 (AR 16), and that decision became the final decision of the Commissioner of Social Security Administration ("Commissioner") when the Appeals Council declined to review it (AR 7).  Plaintiff filed a complaint with this Court on March 22, 2021, seeking review of the denial of benefits.  (Doc. 1.)  The Court affirms.

**I.  Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial

evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II.  Analysis**

### A.  Assessment of Dr. Craig Cohen

Plaintiff argues that the ALJ erred by rejecting the testimony of Dr. Craig Cohen. Before awarding or denying SSDI or CDB benefits, the ALJ must "articulate in [his] determination or decision how persuasive [he] finds all of the medical opinions and all of the prior administrative medical findings in [the] case record."   20 C.F.R. § 404.1520c(b)(1).   Persuasiveness turns primarily on whether a medical opinion is supported and consistent.  20 C.F.R. § 404.1520c(b)(2).  The ALJ need not consider other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported.  20 C.F.R. § 404.1520c(b)(3).  These considerations apply equally to findings by the state agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process.  20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1513(a)(5).

The ALJ summarized Dr. Cohen's opinion as follows:

> The claimant had moderate limitation with shortness of breath at rest and marked shortness of breath walking on level ground at pace with other of same age.  Dr. Craig noted the claimant needed respiratory treatment once per day.  Due to these impairments, Dr. Craig opined the claimant could sit less than 2 hours in an 8-hour workday, stand and walk less than 2 hours in an 8-hour workday, rarely lift up to 50 pounds, frequently lift up to 20 pounds, frequently stoop, occasionally squat and crawl, rarely climb and continuously reach.  The claimant can continuously handle, grasp, push, pull and perform fine manipulation.  The claimant is totally restricted from working around unprotected heights and exposure to dust, fumes and gases; the claimant is moderately restricted form working around exposure to marked changes in temperature or humidity; the claimant has moderate limitation in his activities due to pain and fatigue.

(AR 26 (citations omitted).)  The ALJ found this opinion inconsistent with treatment notes that indicated largely "normal" cardiac, respiratory, and liver testing as well as physical examinations.   (*Id.*)   Moreover, he noted that medical records showed an elevated medication dose reduced Plaintiff's tachycardia events.  (*Id.*)  Finally, the ALJ explained that Dr. Cohen's opinion didn't comport with Dr. Shelman's opinion.

Plaintiff argues that the ALJ was wrong to use the word normal.  But the word "normal" appeared in the medical records the ALJ relied on to conclude that relevant measures of Plaintiff's capacities were "normal."  (*Id.*)  The ALJ relied on substantial evidence—indeed, essentially quoted medical evidence—to conclude Dr. Cohen's opinion was inconsistent and thus afforded less weight.

Plaintiff also argues that medical evidence shows he still experienced "frequent" tachycardia events after beginning the upped dose.  Plaintiff misstates the record.  Instead, the record states that Plaintiff had "infrequent" tachycardia events when he presented at an examination in October 2018 and same number of events at the next examination in March. (AR 508, 536.)  There was no error.  Substantial evidence supports the ALJ's determination that Dr. Cohen's opinion carried less weight.

**B.  Plaintiff's symptom testimony**

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).  First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15.  This is the most demanding standard in Social Security cases.  *Id.* at 1015.  "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Plaintiff argues that the ALJ (1) only generally referenced the alleged symptoms he found inconsistent, (2) failed to relate the alleged symptoms to the medical record he used

1   to discount Plaintiff's testimony, and (3) deployed his own medical conclusions.  (Doc. 16
2   at 18.)  Not so.  The ALJ listed Plaintiff's alleged symptoms.  (AR 24.)  Then the ALJ,
3   recited the medical evidence that did not support those symptoms.  (*Id.*)  And this recitation
4   did not amount to the ALJ's medical conclusions because the ALJ summarized the
5   conclusions made by medical providers in the medical evidence.  (*Id.*)  The ALJ has
6   provided specific, clear, and convincing reasons to discount Plaintiff's symptom testimony.

7       **C.  Plaintiff's Childhood Disability Benefits**

8       Plaintiff argues that the ALJ failed to consider his CDB application, imposing a
9   requirement that such applications be filed before the applicant turns 18.  But the ALJ did
10  consider the CDB application, reviewing Plaintiff's medical history from when he was
11  born and referencing the relevant regulations for childhood disability.  Ultimately, the ALJ
12  found that claimant was not disabled from his date of birth through the date of his decision.
13  There was no error.

14  **IV.  Conclusion**

15      The ALJ appropriately articulated reasons for discounting Dr. Cohen's opinion and
16  Plaintiff's symptom testimony and properly considered Plaintiff's application for CDB
17  benefits.  Therefore,

18      **IT IS ORDERED** that the decision of the ALJ is **AFFIRMED**.  The Clerk is
19  directed to enter judgment accordingly and terminate this case.

20      Dated this 16th day of September, 2022.

21

22

23

24  _____
     Douglas L. Rayes
25   United States District Judge

26

27

28